# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HOGAN & HARTSON LLP<br>555 Thirteenth Street, NW<br>Washington, DC 20004;<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEFENSE<br>1000 Defense Pentagon<br>Washington, DC 20301-1000<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

## COMPLAINT

Plaintiff Hogan & Hartson LLP ("Hogan & Hartson") brings this action against Defendant Department of Defense ("DoD") for mandatory and injunctive relief from the DoD's failure to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In support of this complaint against the Defendant, Hogan & Hartson states and alleges the following:

### Parties

1.      Plaintiff Hogan & Hartson is a limited-liability partnership law firm with offices located both domestically and internationally, and a principal office located in the District of Colombia at 555 13th St., NW.

2.      Defendant DoD is a department within the Executive Branch of the United States Government, whose headquarters is located at 1000 Defense Pentagon, Washington, DC 20301. Defendant is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

### Jurisdiction and Venue

3.      The Court has subject matter jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B).

4.      Venue is properly laid in this Court under 5 U.S.C.

§ 552(a)(4)(B).

## **Factual Allegations**

5.      On or about September 19, 1991, the United States and Kuwait entered into an agreement entitled "Agreement Between the Government of the United States of America and the Government of the State of Kuwait Concerning Defense Cooperation, Use of Facilities, Logistical Support, Prepositioning of Defense Materials and the Status of the Forces of the United States of America in the State of Kuwait" ("Agreement").

6.      This Agreement was subsequently renewed in or about September 2001.

7.      By electronic submission on May 31, 2006, Plaintiff Hogan & Hartson requested a copy of the Defense Cooperation Agreement, any and all amendments or addendums, and any similarly related document dated after 1991.

8.       By postcard postmarked June 6, 2006, the DoD acknowledged receipt of the request and assigned Hogan & Hartson's request the Case Number 06-F-1822.

9.      By letter dated July 17, 2006, DoD denied Hogan & Hartson's request on the grounds that the records, in their entirety, are exempt from disclosure under Exemption 1 of the FOIA, 5 U.S.C. § 552(b)(1).

10.     By letter dated October 30, 2006, Hogan & Hartson appealed DoD's denial of the FOIA request and specifically requested segregable portions of the Agreement. The FOIA appeal narrowed the request to any portion of the documents addressing one of eight (8) different categories of information, including:

- (1) any and all introductory paragraphs, which identify the signatory parties and/ or which describe their intentions for entering into the Agreement;

- (2) any and all provisions setting forth the laws applicable to the following classes of U.S. citizens in Kuwait:  civilians supporting the U.S. military, subcontractors supporting the U.S. military, and U.S. military personnel;

- (3) any and all provisions setting forth understanding concerning assertion of legal jurisdiction over U.S. citizens and non-U.S. citizens, including but not

2

limited to jurisdiction over and the laws applicable to Kuwaiti business entities' (corporations, limited liability companies, etc.) interactions with the U.S. military in Kuwait or the surrounding region;

- (4) any and all provisions setting forth the jurisdiction over and laws applicable to the following classes of non-U.S. citizens in Kuwait: civilians supporting the U.S. military, subcontractors supporting the U.S. military and Kuwaiti military personnel supporting the U.S. military;

- (5) any and all provisions regarding the usage of facilities and areas;

- (6) any and all provisions defining the terms "support", "supply", and "logistics";

- (7) any and all provisions regarding contractual jurisdiction, and or U.S. military contracting with Kuwaiti companies or non-U.S. citizens; and

- (8) any and all provisions regarding import and export regulations and claims.

11. By letter dated January 11, 2007, James P. Hogan, Chief, FOIA Policy, Appeals and Litigation of the DoD Office of Freedom of Information, acknowledged receipt of the FOIA appeal with included reference number 06-F-1822(A).

12. By letter dated November 29, 2007, DoD rejected Hogan & Hartson's appeal, again stating that the entirety of the Agreement was exempt from disclosure under Exemption 1 of FOIA, 5 U.S.C. § 552(b)(1).

13. The existence of the Agreement itself is not classified, a former Secretary of Defense has publicly opined as to the purpose for the Agreement, and publicly available military publications have revealed certain portions of the Agreement. *See* AFRD-KU-Command Judge Advocate, Fact Sheet Contractor Personnel in Kuwait, 1 (2002) *available at*: http://www.afsc.army.mil/gc/files/Fact.doc ("Contractors are given no legal immunity under the Defense Cooperation Agreement. Thus, contractor employees are subject to all host nation criminal and civil laws."); William Cohen, U.S. Secretary of Defense, Report to the United States Congress, Report on Allied Contributions to the Common Defense, (1997) *available at*:

http://www.defenselink.mil/pubs/allied_contrib97/index.html#IIc, ("Under the agreement with
Kuwait, that nation has agreed to offset U.S. prepositioning and exercise costs."); Special
Projects Office Fort Monmouth, NJ, OCONUS Consolidated Guidebook for Operation Iraqi
Freedom (OIF) Areas of Responsibility, App. I, I-1 (2004) *available at*:
http://cryptome.sabotage.org/spo-oconus.doc ("Any contractor entering Kuwait needed a
passport and Kuwait Entry VISA.  The Requirement is codified in the Defense Cooperation
Agreement.").

14.     Similar agreements between the United States and other countries or
organizations are published and publicly available.  *See e.g.* Agreement Between the Parties to
the North Atlantic Treaty Regarding the Status of Their Forces, June 19, 1951, 4 U.S.T. 1792;
Agreement Regarding the Status of United States Military Personnel and Civilian Employees of
the Department of Defense Who May Be in Jordan Temporarily in Connection With Their
Official Duties, U.S.-Jordan, Oct. 4, 1996, State Dept. No. 04-571; Defense: Privileges and
Immunities, U.S.-Egypt, July 26, 1981, 33 U.S.T. 3353.

15.     Defendant DoD has control and possession of the records sought.

16.     Hogan & Hartson has exhausted its administrative remedies.

### Injunctive Relief under FOIA

17.     Plaintiff incorporates by reference paragraphs 1 through 16 of this
Complaint as if fully set forth herein.

18.     The DoD has failed to comply with the public disclosure requirements of 5
U.S.C. § 552(a)(3)(A).

19.     The DoD has failed to comply with the segregability requirements of
5 U.S.C. § 552(b) which provides in relevant part: "any reasonably segregable portion of a
record shall be provided to any person requesting such record after deletion of the portions which
are exempt under this subsection."

20.     Therefore, in accordance with 5 U.S.C. § 552(a)(4)(B), Hogan & Hartson
is entitled to a judgment enjoining the DoD from unlawfully failing to provide information

requested pursuant to FOIA, requiring the DoD to produce for copying and inspection those documents or segregable portions thereof requested in Hogan & Hartson's FOIA request, and requiring the DoD to provide a detailed index and description of withheld documents, and portions of documents, in accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973) (*i.e.* a *Vaughn* index) that it intends to withhold.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

1.    Enter a judgment declaring that the DoD has violated FOIA;

2.    Enter a judgment enjoining the DoD from unlawfully failing to provide information requested pursuant to FOIA, requiring the DoD to produce for copying and inspection those documents, or any segregable portion thereof, requested in Plaintiff's FOIA request, and requiring the DoD to provide a detailed *Vaughn* index of any documents, or portions thereof, that it intends to withhold; and

3.    Award attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and grant such other and further relief as the Court may deem appropriate.

Respectfully submitted,

HOGAN & HARTSON L.L.P.

By: _____
Thomas L. McGovern III (D.C. Bar No. 415698)
Steven D. Williams (D.C. Bar No. 502303)
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
(202) 637-5600

Attorneys for Plaintiff Hogan & Hartson LLP

Dated:  February 15, 2008

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Hogan & Hartson, LLP | Department of Defense |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ____11001____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____11001____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas L. McGovern III (D.C. Bar No. 415698)
Steven D. Williams (D.C. Bar No. 502303)
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
(202) 637-5600

ATTORNEYS (IF KNOWN)

---

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A–N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
     Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

---

○ **E.** *General Civil (Other)*        **OR**        ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
     defendant
☐ 871 IRS-Third Party 26
     USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
     of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
     Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
     Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
     Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
     Exchange
☐ 875 Customer Challenge 12 USC
     3410
☐ 900 Appeal of fee determination
     under equal access to Justice
☐ 950 Constitutionality of State
     Statutes
☐ 890 Other Statutory Actions (if
     not administrative agency
     review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ⊙ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

5 U.S.C. § 552(a)(4)(B)

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____  Check YES only if demanded in complaint    JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  February 15, 2008    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.